IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KYLER REED SHINNABERRY,<br><br>Petitioner,<br>vs.<br><br>SHERYL ZIEGLER, ALEX HALL,<br><br>Respondents. | Cause No. CV 25-190-M-DWM<br><br>ORDER |

Petitioner Kyler Reed Shinnaberry ("Shinnaberry") a federal pretrial detainee represented by counsel in his criminal matter, has filed a *pro se* petition for habeas corpus relief. (Doc. 1.) The petition is submitted on a form intended for filing in state court. (*Id.* at 1.) Shinnaberry is currently incarcerated at the Missoula County Detention Center. (*Id.*)

It appears that aside from his federal charges in *United States v. Shinnaberry*, Cause No. CR-25-33-BU-DLC, in which Shinnaberry is charged with being a Prohibited Person in Possession of a Firearm and Ammunition, he also has active state charges pending. (Doc. 1 at 2-3.) Shinnaberry's wife recently had a baby, and he would like to be released from custody to help with the newborn. (*Id.*) Apparently, due to the interplay between his state and federal cases, Shinnaberry has not been able to have a federal detention hearing and/or to get his state bond reduced. (*Id.* at 4.) Shinnaberry asks this Court to help him "figure out

1

a solution" so that he may be released prior to sentencing. (*Id.*)

In relevant part, 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). But as Shinnaberry acknowledges, he has not yet been sentenced in his federal case. Because he is not challenging a conviction or sentence via postconviction, § 2255 is inapplicable. *See United States v. Crowell*, 374 F. 3d 790, 795 (9th Cir. 2004)("In providing for relief pursuant to § 2255, Congress has provided a near-comprehensive scheme for *post-conviction* collateral relief for those in custody." (emphasis added)).

28 U.S.C. §2241, however, "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (*quoting White v. Lambert*, 370 F. 3d 1002, 1006 (2004)). Section 2241 provides the authority for granting habeas relief to a person who is not in custody pursuant to a judgment but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006. Section 2241 allows Shinnaberry to petition for a writ of habeas corpus if "he is in

custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Shinnaberry's petition does not allege such a circumstance. In his federal criminal case, Shinnaberry was recently appointed new defense counsel. While he does not assert an ineffective assistance claim against prior counsel, he apparently disagrees with the detention order that was entered. Shinnaberry's disagreement with his detention in the federal criminal matter, however, does not convert his custody into illegal custody. If he believes his custody to be illegal, he may move for a detention hearing or other appropriate proceedings in his federal criminal case. A motion for habeas corpus relief is not a method for pursuing an interlocutory appeal in the criminal matter. To the extent that Shinnaberry seeks an order directing a bond reduction in his state criminal case, this Court lacks jurisdiction to act in such a manner. Finally, Shinnaberry has filed the habeas petition pro se despite the fact that he is currently represented in his criminal matter.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

3

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claim Shinnaberry attempts to advance is not properly before this Court. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability will be denied.

Accordingly, IT IS ORDERED:

1. Shinnaberry's petition for writ of habeas corpus is DISMISSED (Doc. 1) without prejudice.

2. The Clerk of Court is directed to provide a copy of this Order to Jordan Kilby, Shinnaberry's counsel of record in *United States v. Shinnaberry*, Cause No. CR-25-33-BU-DLC.

3. A certificate of appealability is DENIED.

DATED this 14 day of November, 2025.

_____
Donald W. Molloy, District Judge
United States District Court